**WO** RP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Maurice Patterson, | ) | No. CV 08-507-PHX-JAT (DKD) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joe Arpaio, et al., | ) | |
| Defendants. | ) | |

Pending before the Court in this closed case are Plaintiff's "Motion for relief from judgment or order [R]ule 60 Fed R Civ P and notice of change of address" (Doc. 10) and a Letter (Doc. 13), which the Clerk of Court has docketed as a Motion for status. The Court will deny the Motion for relief from judgment and grant the Motion for status.

**I.  Procedural Background**

On March 13, 2008, Plaintiff Maurice Patterson, who is confined in the Arizona State Prison Complex-Yuma, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 3). On June 11, 2008, Plaintiff filed a "Motion to [S]upplement Complaint" (Doc. 4).

By Order filed June 12, 2008 (Doc. 5), the Court granted the Application to Proceed *In Forma Pauperis* and dismissed the Complaint with leave to amend. Plaintiff was given 30 days from the filing date of the Order to file a first amended complaint in compliance with the Order. By Order filed June 19, 2008 (Doc. 7), the Court denied Plaintiff's "Motion to [S]upplement Complaint" (Doc. 4) as moot.

1    When Plaintiff failed to file a first amended complaint, the Clerk of Court entered a Judgment of dismissal of this action on August 1, 2008 (Doc. 8).

**II.    Motion for relief from judgment or order**

On July 6, 2010, Plaintiff filed his "Motion for relief from judgment or order [R]ule 60 Fed R Civ P and notice of change of address" (Doc. 10), in which he asks the Court for relief from its Judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure. Plaintiff also asks for the Court to allow him to "amend and correct the original [C]omplaint to state a claim," to send him an entire copy of the original Complaint and the "first order to dismiss, with leave to amend," and to accept his notice of change of address.

Under Rule 60(b)(6) of the Federal Rules of Civil Procedure, reconsideration is appropriate "only upon a showing of . . . 'extraordinary circumstances' which would justify relief." Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991). Rule 60(b)(6) only applies in "extraordinary circumstances" and "has been used sparingly as an equitable remedy to prevent manifest injustice." United States v. Alpine Land & Reservation Co., 984 F.2d 1047, 1049 (9th Cir. 1993). "Motions to reconsider are appropriate only in rare circumstances." Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" Defenders of Wildlife, 909 F. Supp. at 1351 (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).

In his Motion, Plaintiff alleges that he was never given an opportunity to amend his original Complaint because he "was transferred, back and forth, from lower buckeye jail, to durango jail, and then back to lower buckeye jail and never received any order allowing [him] to resubmit a[n] amended complaint to correct [his] original complaint (leave to amend)." However, the Court notes that the docket in this case reflects that copies of both the Court's June 12, 2008 Order (Doc. 5) dismissing the Complaint (Doc. 1) with leave to

1 amend, and the Court's June 19, 2008 Order (Doc. 7) denying Plaintiff's "Motion to [S]upplement Complaint" (Doc. 4) as moot, were mailed to Plaintiff at his last known address and that neither copy was returned to the Court as undeliverable.

While the copy of the Judgment of dismissal (Doc. 8) that was mailed to Plaintiff was returned to the Clerk of Court as undeliverable, the docket reflects that the copy of the Judgment was remailed to Plaintiff at an address determined in part from the notation on the returned mail. That the copy was not returned to the Court as undeliverable. Moreover, the Court notes that, despite having the duty to prosecute this case, Plaintiff failed to inquire into the status of this action until almost two years after Judgment was entered.

For the above reasons, the Court finds that the Plaintiff has failed to show extraordinary circumstances which would justify relief. Accordingly, the Court will deny Plaintiff's Motion.

### III.	Motion for status

Plaintiff's Letter (Doc. 13), which the Clerk of Court has docketed as a Motion for status, will be granted to the extent that this Order informs Plaintiff of the status of his "Motion for relief from judgment or order [R]ule 60 Fed R Civ P and notice of change of address" (Doc. 10).

**IT IS ORDERED:**

(1)	Plaintiff's "Motion for relief from judgment or order [R]ule 60 Fed R Civ P and notice of change of address" (Doc. 10) is **denied**.

(2)	Plaintiff's Letter (Doc. 13), which the Clerk of Court has docketed as a Motion for status, is **granted** to the extent that this Order informs Plaintiff of the status of his "Motion for relief from judgment or order [R]ule 60 Fed R Civ P and notice of change of address" (Doc. 10).

//
//
//

1. (3) This case **must remain closed**.
2. DATED this 23rd day of August, 2010.

*[signature]*
James A. Teilborg
United States District Judge